## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. SCHERER, III, as personal representative of the ESTATE OF CARL S. SCHERER, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JEFFREY A. BEARD, Ph.D., JOHN M. McCULLOUGH, HENRY A. TATUM, GEORGE N. PATRICK, JEFFREY DAVID POMERANTZ, D.O., JAMES OLIVER, WEXFORD HEALTH SOURCES, INC., MOHAMMAD K. KAHN, M.D., ZAHID HUSAIN, M.D., BETH BAILEY, JANE/JOHN DOE MENTAL HEALTH PROFESSIONALS/PROVIDERS # 1-10, JANE/JOHN DOE CORRECTIONS OFFICERS #1-10, JANE/JOHN DOE UNIT MANAGERS #1-10, and JANE/JOHN DOE COUNSELORS #1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 3:2004-191<br><br><br><br><br><br><br><br><br>JUDGE GIBSON |
| Defendants. | ) | |

## Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on the Plaintiff's Motion Seeking Leave to File an Amended Complaint and Substitute Parties (Document No. 75)[1] and the Plaintiff's Motion for Reconsideration (Document No. 97).

Defendant Dr. Mohammad K. Khan (hereinafter "Dr. Khan") through his attorneys opposes the filing of the amended complaint arguing its futility with regard to bringing any claims against a proposed party, Family Care Clinic group & I.M.E. L.L.C. a/k/a Family Care Clinic Group & Impartial Medical Examiners, Corp. A/k/a Family Care Clinic Group & Impartial Medical Examiners a/k/a Impartial Locum Tenens" (hereinafter "FCCG"). Additionally, Defendant Wexford Health Sources, Inc. (hereinafter "Wexford") opposes the filing of the amended complaint as to another proposed party, Dr. Eugene F. Polmueller based upon similar arguments of futility. Inasmuch as these two newly proposed parties are unrepresented and have not been served with process or appeared in this action, the Court finds the arguments of Dr. Khan and Wexford opposing the filing of the amended complaint inappropriate at this time despite these parties' former and possible current professional affiliations with the proposed parties. The Court further notes Wexford's strenuous emphasis of the fact that Dr. Polmueller is not being represented by its counsel and no acceptance of service on his behalf has been made by counsel. Wexford's Response (Document No. 80), ¶ 5. The Court will permit these named parties to speak for themselves through legal counsel after they have been properly served.

---

[1] This motion was originally filed on March 17, 2006 at document number 73 but was removed from public view by the Clerk of Court who re-labeled the relief sought by the Plaintiff in order to conform it to the requirements of the electronic filing system in place in this district. Therefore, the operative motion is found at document number 75, the same motion was first filed at document number 73 and it is the date of the initial filing that controls for the Court's purposes.

The Court also recognizes the Plaintiff's concessions regarding his amendments, specifically that FCCG will be added as a party to the Plaintiff's Eighth Amendment claim at Count I, and his Americans with Disabilities Act (hereinafter "ADA") claim but not the Rehabilitation Act (hereinafter "RA") claim at Count II. Plaintiff's Motion, ¶ 5(e); Plaintiff's Reply (Document No. 89), p. 2. The Plaintiff further concedes that Dr. Polmueller is sought to be added as a party only as to the Eighth Amendment claim at Count I, but not the ADA or RA claims. Plaintiff's Brief, ¶ 5(i), Plaintiff's Reply, p. 2. With this understanding, the Plaintiff's Motion Seeking Leave to File an Amended Complaint and Substitute Parties is granted and Plaintiff shall file the Amended Complaint on the docket in this matter within five days of the date set forth in the Order accompanying this Memorandum Opinion. FCCG and Dr. Polmueller, after being served with process, shall file a motion to dismiss or answer the Amended Complaint in accordance with Federal Rule of Civil Procedure 12.

The Plaintiff's Motion for Reconsideration will also be granted. None of the Department of Corrections Defendants responded to the Plaintiff's motion. No other Defendant responded to this motion either. The Plaintiff is correct that this Court may reconsider matters before it with the announcement of "a supervening new law" or when an "earlier decision was clearly erroneous and would create manifest injustice." *Afr. v. City of Philadelphia*, 158 F.3d 711, 718 (3d Cir. 1998). The Supreme Court decision in *United States v. Georgia*, 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006) clearly renders this Court's previous dismissal of the Plaintiff's ADA claim against the DOC Defendants incorrect. Recognizing that Count II of the Plaintiff's proposed Amended Complaint is the same as is set forth in the original Complaint, the Court hereby reinstates the Plaintiff's ADA claims, as repeated in Count II of the Amended Complaint, against the DOC Defendants.

**AND NOW**, this 3rd day of January, 2007, IT IS HEREBY ORDERED THAT the Plaintiff's Motion Seeking Leave to File an Amended Complaint and Substitute Parties (Document No. 75) and the Plaintiff's Motion for Reconsideration (Document No. 97) are hereby GRANTED. IT IS FURTHER ORDERED THAT the Plaintiff shall electronically file his amended Complaint with the Court on or before January 8, 2007. IT IS FURTHER ORDERED THAT all parties having entered their appearances shall file their respective motions pursuant to Federal Rule of Civil Procedure 12 or their Answers to the amended Complaint on or before January 29, 2007. IT IS FURTHER ORDERED THAT all newly added parties shall file their respective motions to dismiss or their Answers to the amended Complaint "within twenty days after being served with the summons and complaint" in accordance with Federal Rule of Civil Procedure 12.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**